# STINSON

*v.*

## BARLEY'S EX'R & AL.

*(Supreme Court of Appeals of Virginia, Feb. 4, 1892.)*

[14 S. E. Rep. 531.]

**Partnership—Dissolution—Case at Bar.**

By a partnership agreement S. sold a stock of goods to B., and rented him his store at a certain rental, "B. to have absolute control" of the mercantile branch of the business. After the termination of the partnership, on S.'s refusal to allow B. to occupy the store longer, B., after twice inviting S. to be present at the taking of the inventory, removed the goods to the store of a firm which had purchased them: *held*, that B. did not remove the goods to prevent a fair estimate of their value.

**Same—Same—Accounting—Case at Bar.**

In a suit to settle the partnership accounts S. could not complain of an order by the court to the commissioner to increase the value put by him on partnership goods that were chargeable to B.

Appeal from circuit court, Warren county.

Suit in equity by Barley's executor and others against Stinson to settle partnership accounts. Decree for plaintiffs. Defendant appeals. Affirmed.

*Holmes Conrad,* for appellant.

*Cook & Son* and *S. Ferguson Beach,* for appellees.

HINTON, J., delivered the opinion of the court.

This is a suit in equity, brought by the executor of W. H. Barley for a settlement of the partnership accounts of

Barley & Stinson. The chief subjects of contention seem to be, as the counsel for the appellee states, a stock of goods and merchandise on hand at the time of the dissolution of their partnership, and a quantity of brandy manufactured by them on a farm called the "Cove Vineyard." Various accounts were taken, and on the 23d of February, 1888, the court in the meantime having had the estimated value of the stock of merchandise of the partnership of Barley & Stinson which went into the hands of Barley increased to the extent of 33⅓ per cent. of its reported value, decreed in favor of Barley's executor for the difference appearing to exist between Barley and Stinson on the settlement of the partnership accounts and the amount of a judgment due from Stinson to Barley. From this decree Stinson has appealed.

The case has been argued for the appellant here as if Barley had been guilty of some spoliation or concealment of evidence, but we can discover nothing in the record to countenance this contention. By the original contract of partnership, Stinson, who had a store in the town of Front Royal, sold his stock of goods to Barley, and rented him his storerooms, for the purpose of conducting a mercantile business, for the term of three years, leaving it optional with Barley to terminate the business and renting at any time after one year by giving thirty days' notice thereof; Barley to pay Stinson for rent at the rate of $75 quarterly; "Barley to have absolute control and management of the business." When, therefore, after the partnership had been terminated, and Stinson had refused to allow Barley to occupy the store with the merchandise longer, Barley had nothing left him but to remove the goods to some other place, as, in this case, to a store occupied by the firm of Barley & Beatty, to whom they were sold by Barley. There is nothing in this contention—Barley having twice invited Stinson to be present at the taking of the inventory of said merchandise—to arouse

even a suspicion that the goods were removed to prevent a fair estimate of their value from being obtained.

Nor have we been able to find any objection to the mode adopted by the court for ascertaining the quantity of brandy manufactured by the firm of Barley & Stinson. The court required that the commissioner should be governed in making his estimate by the quantity stamped by the federal government, and to charge Barley for the same at the rate of $2.50 per gallon after making a deduction of four gallons in each barrel for shrinkage, evaporation, or other unavoidable loss in quantity. This direction seems to be justified by the evidence, and, in our judgment, gives Stinson all that he is entitled to on this score.

The last objection is made by the appellee to the action of the court in directing that the commissioner should enlarge the value put by him upon the stock of goods, but, upon looking at the evidence, we think that the evidence may be found to justify this action, and as it is not to the prejudice of the appellant, he at least cannot complain. For these reasons the decree appealed from will be affirmed.